### FRED VANDER VEEN v. WHEELER.

JUDGMENT—EXCUSABLE NEGLECT.—Motion to open judgment by default may be made on two grounds: 1, that summons was not served; 2, to open the default and extend time to answer under section 195. If trial Judge decides first against movant, it is error not to go further and consider the second ground.

Before GARY, J., Richland, June, 1906.    Modified.

12—76

Action by Fred Vander Veen, doing business under the name and style of John Schurr & Sons, against Samuel F. Wheeler. From order refusing to open judgment and extend time to answer, defendant appeals.

*Mr. John T. Seibels,* for appellant, cites: *Judgment was premature because time to answer expired after the fall term of Court began:* Code of Proc., 267; 13 S. C., 479.

*Messrs. Sloan & Sloan,* contra, cite: *It lies entirely within the discretion of the Court whether a given case comes within the provisions of sec. 195:* 64 S. C., 343; 56 S. C., 29; 52 S. C., 307; 55 S. C., 467; 15 S. C., 614; 19 S. C., 557; 38 S. C., 556; 47 S. C., 263; 51 S. C., 405; 56 S. C., 12. *Unless such discretion is abused, this Court cannot review the decision:* 8 S. C., 50; 17 S. C., 463; 51 S. C., 405; 45 S. C., 307; 53 S. C., 224; 2 Johns. Cas., 282. *Judgment may be given on default happening after term of Court is open:* Rule XXVI. C. C.; Code, 1902, 289; 13 S. C., 479.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. His Honor, the Circuit Judge heard this case on a rule to show cause why the judgment previously entered should not be set aside, and why the time within which to serve an answer to the complaint, should not be extended. After argument of counsel, the Circuit Judge ordered that the rule be dismissed on the following grounds:

"Because it appears from the affidavits submitted at the hearing, that the defendant was duly served with the summons and complaint in this action.

"And because the defendant having failed in his motion, as to the jurisdiction of the Court, upon the alleged failure of service, it does not appear that section 195 of the Code has any application to the case, as presented by the affida-

vits, submitted by the said defendant. As the defendant denies having been served with a copy of the summons no mistake or inadvertence could be charged against him; if he had not been served, the question would then be one of jurisdiction and not mistake or neglect. I find as a fact from the affidavits, that he was regularly served, and having failed to answer, no reason is shown why the judgment should be opened, except that the defendant intended to defend the action."

As the appellant's attorney conceded upon the hearing of this appeal, that the sole question is whether the presiding Judge erred in his ruling, relative to section 195, of the Code, it will only be necessary to consider the first, second, and fourth exceptions, which are as follows:

"1. Because it is respectfully submitted, that his Honor erred in holding, that section 195, of the Code of Civil Procedure, which was the basis of the second ground or motion of defendant, had no application to the case, as presented by the affidavits submitted in his behalf.

"2. Because it is respectfully submitted, that his Honor erred in holding, as it is manifest from his reasoning that he did, that the sole question presented was one of jurisdiction; and that the defendant failing in the issue he raised as to service, there was no alternative and the rule should be discharged.

"4. Because it is respectfully submitted, that his Honor erred in failing to consider the merits of defendant's application to open the default, and extend the time to answer under section 195, of the Code, and in dismissing the same with the remark, that no reason for such relief was shown, except that the defendant intended to defend the action."

The following statement is set out in the record: "At the hearing, defendant's attorney urged two (2) motions, or grounds, in support of the Rule, to wit, as follows: (1) Motion to vacate or set aside the order for judgment and the judgment as irregular and void. This motion was based on two (2) grounds, to wit: (1) That there was no

personal service of the summons and complaint on the defendant, and (2) even if a valid service was proved, the order for judgment and the judgment were irregular and void, because, (a) there was no affidavit of default, and (b) the order was prematurely granted, citing sections 267 and 178 of the Code of Civil Procedure, and notes.

"(2) Motion to open the default and extend the time to answer, etc., under section 195 of the Code of Civil Procedure, and notes cited."

The plaintiff had the right to make more than one motion, or to rely upon more than one ground for relief. When the Circuit Judge found as a fact, that the appellant was duly served with a copy of the summons and complaint, he erred in not considering the second ground, as it was not dependent upon the first.

This appeal does not affect so much of said order, as finds that the appellant was duly served with a copy of the summons and complaint.

It is the judgment of this Court, that the order of the Circuit Court be modified, and that the case be remanded for the purpose of enabling the appellant to renew his motion under section 195 of the Code.